# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

**HAROLD D. WILLIAMS**

    Plaintiff,

vs.

**BRAD WITTROCK, CCUSO TREATMENT TEAM, AND CCUSO CLINICAL TEAM,**

    Defendants.

**No. 15-CV-4043-DEO**

**INITIAL REVIEW ORDER**

_____

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Plaintiff Harold Williams' [hereinafter Mr. Williams] Motion for Leave to Proceed in Forma Pauperis (Docket No. 1), Motion for Appointment of Counsel and 42 U.S.C. Section 1983 Complaint (Docket No. 1, Att. 1). The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited June 10, 2015.

**II. IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited June 10, 2015.

2

are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), *cert. denied* Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.

3

> violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). The Plaintiff filed a 'Financial Affidavit' stating he has no assets. Also, Mr. Williams has previously applied for and received in forma pauperis status. See, for example, 13-CV-4052-DEO, Docket Nos. 1 and 2. Accordingly, the Court will consider Mr. Williams' 'Financial Affidavit,' Docket No. 1, to be a Motion to Proceed In Forma Pauperis. As such, Mr. Williams' application substantially meets the above requirements. Accordingly, Mr. Williams' Motion to Proceed in

---

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

Forma Pauperis is **granted.** **The Clerk of Court shall file and serve (according to the attached service forms) the Plaintiffs' Complaint. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III.  42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief

above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." <u>Id.</u> at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." <u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id.</u> at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

>           be liable to the party injured in an action
>           at law, suit in equity, or other proper
>           proceeding for redress . . . .

**IV. ISSUE**

Mr. Williams alleges that the Defendants have unconstitutionally interfered in his ability to communicate with individuals outside of CCUSO. Specifically, Mr. Williams alleges that CCUSO has refused to allow him to contact, via mail and telephone, former CCUSO patient Ryan Hoffert.

**V. ANALYSIS**

**A. Non-persons**

Mr. Williams named both CCUSO Treatment Team and CCUSO Clinical Team as Defendants in this case. Both of those Defendants are agencies of the State of Iowa. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In Will v. Michigan Dept. of State Police, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). Therefore, the Plaintiff's § 1983 Complaint cannot proceed against either the CCUSO Treatment Team or the CCUSO Clinical Team and those Defendants will be dismissed from the case.

7

**B. Mail Claim**

Mr. Williams' allegation is that he has been unconstitutionally denied the right to communicate with certain individuals no longer committed to CCUSO. The Plaintiff also argues that the Defendants are restricting their access to the mail. At the outset, the Court notes that the Defendants are within in their right to monitor and restrict patients' mail access for therapy and safety reasons.

As has been stated:

> [n]either the Supreme Court nor this court has determined the extent to which the Constitution affords liberty interests to indefinitely committed dangerous persons under the Mathews balancing test. Since [the Plaintiff] has been civilly committed to state custody as a dangerous person, his liberty interests are considerably less than those held by members of free society. See Wilkinson v. Austin, 125 S. Ct. 2384, 2395-96 (2005); Morrissey v. Brewer, 408 U.S. 471, 481 (1972). As compared to a prison inmate, however, [the plaintiff is] entitled to more considerate treatment and conditions of confinement. Youngberg v. Romeo, 457 U.S. 307, 322 (1982).

Senty-Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006). The Court has also stated that claims by civilly committed individuals "should be evaluated under the ... standard

usually applied to ... pretrial detainees." Serna v. Goodno, 567 F.3d 944, 948 (8th Cir. 2009). "A pretrial detainee constitutionally need not, and, as a practical matter, cannot be provided with a normal civilian life." Padgett v. Stein, 406 F. Supp. 287 (M.D.Pa. 1975). In the context of mail handling cases, the legal standard is the same whether a CCUSO resident is considered a "mental patient" or a prisoner. See Willis v. Smith, Not Reported in F. Supp. 2d, 2005 WL 550528, 10 (N.D. Iowa 2005) citing Turner v. Safley, 482 U.S. 78, 89 (1987); Davis v. Balson, 461 F. Supp. 842, 864 (N.D. Ohio 1978).

As a general rule, those detained by the government have a limited liberty interest in their mail under the First and Fourteenth Amendments. Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006), cert. denied, 549 U.S. 1286 (2007). However, the constitutional right to send and receive mail may be restricted for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). In Turner, the Supreme Court of the United States found that a prison regulation infringing on an inmate's constitutional rights is valid so long as it is

9

reasonably related to a legitimate penological interest. Id. at 89.

Additionally, Courts have recognized that similar to the security interests present in the prison context, facilities housing civilly committed predators have an interest in providing those persons therapy. Consequently, they have an interest in screening the mail to assure that the objectives of therapy can be carried out. As one Court noted:

> [the residents] are convicted sexual predators, which makes safety at [their facility] a very important concern. The staff clearly must determine if any items coming through the mail pose a threat to the safety of the staff or the other residents. They also must decide if any of the materials passing through the mail could be detrimental to a resident's therapy.

Belton v. Singer et al., 2011 WL 2690595, 11 (D. N.J. 2011). Accordingly, instead of analyzing these claims under the 'legitimate penological interest' standard, they should be analyzied via a legitimate therapy standard. As stated by Judge Frank in Minnesota:

> [e]qually, if not more important, however, are the therapeutic objectives of Plaintiffs' commitment to MSOP... Thus, the Court must consider challenges to MSOP

> restrictions that allegedly inhibit First Amendment interests in light of the legitimate policies and goals of the commitment system, to whose custody and care Plaintiffs have been committed.

Karsjens v. Jesson, 6 F. Supp. 3d 916, 939 (D. Minn. 2014).[6]

As was discussed above, at this early stage of the proceeding, the Court must accept the Plaintiff's allegations as true, and can only dismiss the action if the claim, accepted as true, fails to make a case for which relief could possibly be granted. However, the Court notes that both the telephone use issue, and the mail issue were previously litigated in a class action filed by CCUSO patients, 05-CV-4065-DEO. The Plaintiff was a class members in that case. In the settlement agreement in 05-CV-4065-DEO, the parties agreed that:

> [i]f mail is rejected in accordance with CCUSO's policy, the recipient and sender will receive notice of mail rejection. Either the recipient or the sender may appeal the rejection by completing a grievance and submitting to Dr. Smith in accordance with CCUSO policies.

05-CV-4065-DEO, Docket No. 141, p. 5. Under the terms of the

---

[6] The phone use issue, and the mail use issue are largely overlapping First Amendment Claims.

settlement agreement, it is clear that CCUSO can reject mail in accordance with CCUSO policy. The settlement only requires that CCUSO notify both the recipient and the sender when mail is rejected or restricted, and allow the patient to file an appeal. Mr. Williams does not seem to allege that the Defendants have violated the terms of the agreement. Rather, Mr. Williams' primary claim seems to be that the appeal process is insufficient. It is unclear that Mr. Williams' mail claim can survive in light of the settlement agreement. In fact, this Court has recently denied a similar claim raised by other CCUSO patients for that very reason. See 14-CV-4042-DEO, Docket No. 14.

**VI. CASE CONSOLIDATION AND APPOINTMENT OF COUNSEL**

The Court notes that it recently allowed a different case filed by Mr. Williams to proceed past the initial review stage. See 15-CV-4035-DEO, Docket No. 2. In that case, the Court appointed Mr. Williams counsel and gave appointed counsel 45 days from May 26, 2015, to file an amended complaint. Id. The Court is persuaded that in the interest of judicial economy, the above captioned case should be consolidated with 15-CV-4035-DEO. The combined case will

continue under case number 15-CV-4035-DEO, and Defendant Brad Wittrock will be added as a Defendant in that case.

As noted above, the Court appointed attorney Hannah Vellinga to represent Mr. Williams in 15-CV-4035-DEO, and gave Ms. Vellinga 45 days from May 26, 2015, to file an amended complaint. <u>That 45 day deadline is hereby vacated.</u> Instead, the Court will give Ms. Vellinga 45 days from the date of this Order to file a combined amended complaint incorporating all of Mr. Williams' <u>legally viable</u> claims. However, the Court notes that, in light of the previous settlement agreement, his claims related mail/telephone access have high procedural barriers to cross if they are to survive summary dismissal. In light of this case consolidation, Mr. Williams' request for the appointment of counsel is denied as moot.

**VII. CONCLUSION**

For the reason set out above, the Plaintiff's application to proceed in forma pauperis, Docket No. 1, is **granted**. The complaint will be filed, and no filing fee will be assessed. The Complaint shall be served by the Clerk according to the attached service forms. The above captioned case will be consolidated with 15-CV-4035-DEO. The combined case will

proceed under case number 15-CV-4035-DEO.  Defendants CCUSO Treatment Team and CCUSO Clinical Team are dismissed as set out above, and Defendant Brad Wittrock will be added as a Defendant in 15-CV-4035-DEO.  Mr. Williams' request for the appointment of counsel is **denied as moot.**  Finally, the previous deadline for filing an amended complaint (15-CV-4035-DEO) is vacated, and appointed counsel will have 45 days from the date of this Order to file an amended complaint.

**IT IS SO ORDERED** this 11th day of June, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **HAROLD WILLIAMS,** | |
| Plaintiff, | No. 15-CV-4043-DEO |
| v. | |
| **BRAD WITTROCK**, | |
| Defendants. | |

_____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:   6/11/15  .

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this   June 11  , 2015.

                                                            /s/ djs, Deputy Clerk
                                                   Signature (Clerk's Office Official)
                                                        Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____06/11/15_____, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

**HAROLD WILLIAMS,**

    Plaintiff,

v.

**BRAD WITTROCK,**

    Defendants.

No. 15-CV-4043-DEO

_____

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_6/11/15_____, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later).

Date _____    Signature _____
                       Printed name _____
                       As _____ of _____
                           (Title)        (Entity)

**Address Form**

Case Number: 15-CV-4043-DEO                        Date: ___06/11/15___

To:    Clerk of Court
RE:    Service on Named Defendants

       Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:    **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**